IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 04-4347 |
| | : | |
| v. | : | CRIMINAL ACTION NO. 02-506-6 |
| | : | |
| AARON K. WRIGHT | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Kauffman, J.**                                                                                                          **August 18   , 2005**

Now before the Court is the Petition of Aaron K. Wright ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 challenging the constitutionality of his conviction for distributing MDMA (ecstasy), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Petitioner alleges that: (1) he received ineffective assistance of counsel in negotiating his plea agreement, which resulted in an incorrect sentencing guideline range being used at the time of sentencing; (2) he received an improper two-point enhancement at sentencing; and (3) he was eligible for a U.S.S.G. § 5K2.0 downward departure. For the reasons that follow the Petition will be denied.

**I.      Factual and Procedural Background**

On August 21, 2002, Petitioner was charged in Count Twelve of a twelve count indictment charging him and several co-defendants with distribution of MDMA (ecstasy), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The offense conduct occurred on May 3, 2001. On February 27, 2003, Petitioner entered a plea of guilty to this charge, pursuant to a plea agreement with the Government. In the plea agreement, Petitioner stipulated that the sentencing guidelines effective November 1, 2002 would be applied. Under the November 1, 2002

guidelines, Petitioner was eligible for a sentence of 84 to 105 months.[1]  The plea agreement also included an appellate waiver and a 28 U.S.C. § 2255 waiver.  On October 2, 2003, this Court sentenced Petitioner to 84 months imprisonment, a fine of $1000, a special assessment of $100 and three years of supervised release.  Petitioner was represented by Timothy Woodward, Esq., through his sentencing.

**II.    Analysis**

       A.    <u>The proper sentencing guideline range was used</u>

The sentencing guidelines in effect on the date of sentencing apply unless the guidelines applicable on the date of the offense conduct are more favorable to the defendant.  U.S.S.G. § 1B1.11(b)(1); <u>see also</u> <u>United States v. Corrado</u>, 53 F.3d 620, 622-23 (3d Cir. 1995).  In his guilty plea agreement, Petitioner stipulated to the application of the sentencing guidelines effective November 1, 2002.  The November 1, 2002 guidelines provide a conversion formula to determine the offense level for MDMA (ecstasy).  Application Note 10 to U.S.S.G. § 2D1.1 provides that one gram of MDMA is equivalent to 500 grams of marijuana.  Application Note 11 states that if the weight of the MDMA is unknown, the typical weight of 250 milligrams per tablet should be used.  In the present case, Petitioner possessed 1000 tablets, which resulted in a total weight of 250 grams.  250 grams of MDMA converts to 125 kilograms of marijuana, which, under the November 1, 2002 guidelines, results in an offense level of 26.  As Petitioner had a criminal history category of V, the resulting guideline range was 84 to 105 months.

Petitioner claims that applying the guidelines effective November 1, 2000 as amended on May 1, 2001 results in a lower guideline range.  Petitioner committed the instant offense on May

---

[1]    The presentence investigation report applied the January 25, 2003 guidelines.  No error resulted however, as the guidelines effective January 25, 2003 calculate the same guideline range as the sentencing guidelines effective November 1, 2002.

3, 2001.  Unlike the November 1, 2002 guidelines, the guidelines as of the date of the offense had no typical weight per MDMA tablet.  Petitioner argues that the closest substance to MDMA listed in the earlier guidelines is MDA.  See Application Note 11 to U.S.S.G. § 2D1.1.  Because the typical weight of MDA used by the guidelines on the date of the offense conduct was 100 mg per pill, with the offense involving 1,000 pills, the total calculation of the MDMA under the earlier guidelines would be 100 grams (instead of the 250 found under the November 1, 2002 guidelines).  Converting 100 grams of MDMA into marijuana at the 500 grams to 1 gram ratio as set forth in the May 1, 2001 guidelines, calculates to 50 kilograms of marijuana.  This would have resulted in an offense level of 20 under U.S.S.G. § 2D1.1.  With acceptance of responsibility, Petitioner's total offense level would have been 17 and with a criminal history category of V, the guideline range would have been 46 to 57 months.

However, Application Note 11 to U.S.S.G. § 2D1.1 of the November 1, 2000 guidelines as amended on May 1, 2001, which Petitioner argues should have been used, states that the Typical Weight per Unit Table should not be used if any more reliable estimate of the total weight is available from case-specific information.  Although there was no typical weight listed for MDMA in the earlier guidelines, in the present case there is an actual weight for the MDMA pills seized.  In the present case, 900 of the 1000 MDMA tablets Petitioner sold combined actually weighed 266.48 grams.  See Government's Response to Petition at 17 and Exhibit 3.  The weight of the remaining 100 pills is determined by assigning them the lowest average weight of the weighed tablets (.28 grams), which is then multiplied by 100 resulting in an additional 28 grams.  Thus, the total weight of the 1000 pills was 294.48 grams.  This number is actually higher than the one used in the presentence investigation report.  294.48 grams of MDMA converts to 147.24 grams of marijuana.  The offense level for 147.24 kilograms of marijuana is

26, which the same as that used at sentencing. With acceptance of responsibility the guideline range would have been 84 to 105 months, which is the same range that the Court used at the time of sentencing.

Thus, regardless of which version of the sentencing guidelines were technically used, a guideline range of 84 to 105 months would have resulted.

B.     Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective at sentencing because he advised Petitioner to sign the plea agreement which allowed for the use of the sentencing guidelines effective November 1, 2002 and did not raise the ex post facto issue that resulted from the use of this erroneous guideline. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 689-92 (1984). Because this Court determined above that Petitioner's ex post facto claim has no merit, Petitioner's allegation of ineffective assistance of counsel based on counsel's advising Petitioner to sign the plea agreement must also fail. Counsel's advising Petitioner to sign the plea agreement which stipulated that the sentencing guidelines effective November 1, 2002 were to be used was not deficient nor did it result in prejudice under Strickland.

C.     The Two Point Enhancement

Petitioner objects to a two-point enhancement for a possession of a controlled substance charge that resulted in a no contest plea and probation. However, the presentence investigation report assigned Petitioner a one-point enhancement for that offense, which was the correct amount. See Presentence Investigation Report at ¶ 31.

If Petitioner is actually objecting to his two-point enhancement pursuant to U.S.S.G. §

4A1.1(d) for being on probation at the time the instant offense was committed, this enhancement is also correct.  In his Motion, Petitioner admits he was on probation at the time of the offense; thus, the enhancement was appropriate.

      D.      5K2.0 Motion

A sentencing court may impose a sentence outside the guideline range if the court finds that "there existed an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0.  However, "barring extraordinary circumstances" claims of nonconstitutional error in the application of the sentencing guidelines can not be raised in a § 2255 Motion.  See, e.g., United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir. 1998); Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996); United States v. Riddick, 2000 WL 375576, at *1 (E.D. Pa. Apr. 6, 2000) (citing Burke for the general proposition that, absent a complete miscarriage of justice, challenges to the application of the sentencing guidelines is a nonconstitutional issue that is not cognizable on collateral review).

Petitioner argues a "52K" [sic] motion is appropriate here due to his psychiatric history.  However, the presentence report discussed Petitioner's mental history and the Court took it into account when fashioning his sentence.  Thus, Petitioner presents neither a miscarriage of justice nor extraordinary circumstances and Petitioner is not entitled to habeas relief based on this claim.

**III.   Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO. 04-4347** |
| | : | |
| v. | : | **CRIMINAL ACTION NO. 02-506-6** |
| | : | |
| **AARON K. WRIGHT** | : | |

## ORDER

**AND NOW**, this   18th    day of August, 2005, upon consideration of Petitioner's Writ pursuant to 28 U.S.C. § 2255 (case no. 02-cr-506-6, docket no. 105), and the Government's response thereto (docket no. 119), it is **ORDERED** that:

(1)   The petition for writ of habeas corpus is **DENIED**.

(2)   The Clerk of the Court shall mark Civil Action No. 04-4347 **CLOSED**.

(3)   Because there is no probable cause to issue a certificate of appealability, no certificate of appealability shall issue.

BY THE COURT:


 S/ Bruce W. Kauffman
 **BRUCE W. KAUFFMAN, J.**